UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP BLACKWOOD,

                  Plaintiff,

-against-                      21-CV-6741 (LTS)

LUIS RINALDI; SGT. ANTHONY      ORDER OF DISMISSAL
OLIVERA SAMTUCH; ANDREW
PAVONE; EMANUEL ANJO,

                  Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, currently incarcerated at Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that in 2020, Defendants "tasered me with a deadly weapon." (ECF 2 at 7.) For the following reasons, the complaint is dismissed.

      Plaintiff has previously submitted to this Court a substantially similar complaint against Ossining Police Officers Rinaldi, Samtuchi, and Pavone, and the Village of Ossining. Plaintiff alleged in that action that in May 2020, these Village of Ossining Police Officers used a taser on him.[1] That case is pending before the Honorable Cathy Seibel of this Court under docket number 20-CV-5435 (CS). Because this complaint raises the same claims, no useful purpose would be served by the filing and litigation of this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 20-CV-5435 (CS).

---

[1] Plaintiff did not name Emanuel Anjo, who is named in this action, as a defendant in the case under docket number 20-CV-5435 (CS). Plaintiff can, to the extent consistent with Rule 15 of the Federal Rules of Civil Procedure, seek leave to amend his complaint in his pending action to add this defendant. If Plaintiff wishes to file a complaint about an incident with a taser that is different from the May 2020 incident that he raises in the case under docket number 20-CV-5435 (CS), nothing in this order – which dismisses his claims without prejudice – prevents him from doing so.

## CONCLUSION

Plaintiff's complaint is dismissed as duplicative of his pending case under docket number 20-CV-5435 (CS). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 11, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge